UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON WAYNE JONES III,<br>　　　　　　　　　Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　Respondent. | Criminal Case No. 17-CR-1370-AJB<br>Civil Case No.　　19-CV-1300-AJB<br>**ORDER:**<br>**(1) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AMENDMENT AND MOTION FOR EXTENSION OF TIME TO FILE AN AMENDMENT (Doc. No. 138); and**<br>**(2) DENYING AS MOOT PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (Doc. No. 126)** |

Presently before the Court are: (1) Don Wayne Jones III's ("Petitioner") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (Doc. No. 126); and (2) Petitioner's motion for leave to file an amended § 2255 motion, and motion for extension of time to file amendment, (Doc. No. 138.) For the reasons set forth below, the Court **GRANTS** Petitioner's motion for leave to amend, and motion for extension of time, and **DENIES AS MOOT** Petitioner's currently pending § 2255 motion.

1

## I. DISCUSSION

On July 7, 2019, Petitioner, proceeding pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 based on two grounds. First, Petitioner contends his conviction was obtained by a guilty plea which was unlawfully induced, or made involuntarily, or made without the understanding of the nature of the charge and the consequences of the plea. (Doc. No. 126 at 6.) Petitioner argues that the plea was coerced and that his counsel created the impression that if he did not plea, it would be a "struggle to [fulfill] his representation, and his sentence would be greater than the sentence offered in the plea agreement." (*Id.*) Second, Petitioner argues he was denied effective assistance of counsel. (*Id.*)

On August 2, 2019, the United States filed a response in opposition to Petitioner's § 2255 motion. (Doc. No. 130.) Because Petitioner had already been transferred to a different correctional facility, Petitioner did not receive the United States' opposition, and the United States refiled its opposition with an updated certificate of service on August 22, 2019. (Doc. No. 134.) On September 9, 2019, Petitioner filed his motion for leave to amend, and motion for extension of time to file an amendment. (Doc. No. 138.) This order follows.

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure may be applied to 28 U.S.C. section 2255 proceedings. Rule 15 of the Federal Rules of Civil Procedure provides that the filing of an amended complaint after a responsive pleading has been filed may be allowed by leave of court. Fed. R. Civ. P. 15(a). Rule 15(a) favors a liberal policy, however leave to amend is not granted automatically. *See Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). When determining whether to allow amendment, courts consider prejudice to the opposing party, undue delay, bad faith, and futility. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

As his basis for seeking leave to amend, Petitioner explains he filed his original handwritten § 2255 motion when he was incarcerated in Victorville, but did not receive the

United States' opposition until later because he was transferred to Greenville in Illinois. Thus, after arrival at Greenville, but before Petitioner received the United States' opposition, Petitioner apparently intended to file an amended § 2255 motion, and requested copies of his original § 2255 motion, and other documents to prepare for an amendment. Now that the United States have filed an opposition, Petitioner seeks leave to "clearly lay out his claims" and "concedes that there [are] a number of deficiencies with his originally filed handwritten petition." (Doc. No. 138 at 2.) Finding minimal prejudice to the United States, and no bad faith or undue delay, the Court **GRANTS** Petitioner's motion for leave to amend, and for an extension of time to file an amended § 2255 motion. Petitioner is to file his First Amended § 2255 motion within **45 days** from the date of this order. Accordingly, Petitioner's currently pending § 2255 is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: December 20, 2019

Hon. Anthony J. Battaglia
United States District Judge